IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LUTHER SUTTER,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 08-0363-WS-B |
| **EASTERN METAL SUPPLY, INC.,** *et al.*, | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Response to Order to Show Cause or, Alternative Application for Default Judgment (doc. 24).

Plaintiff, Luther Sutter, filed his Complaint (doc. 1) against defendants Eastern Metal Supply, Inc. and Mark Stallworth on June 23, 2008. Defendant Eastern Metal has appeared in this action and is actively defending itself against the claims joined herein. By contrast, defendant Stallworth has not appeared. An Amended Return of Service (doc. 21) reflects that Stallworth was personally served with process in a manner that comports with Rule 4, Fed.R.Civ.P., back on August 18, 2008; however, Stallworth has neglected to appear, much less file an answer or other responsive pleading in this action. On that basis, the Court entered a Show Cause Order (doc. 22) on November 18, 2008, directing plaintiff to show cause why he had not sought entry of default and default judgment against Stallworth.

In his Response to Order to Show Cause (doc. 24), Sutter states that he is moving for default "if appropriate." However, he also expresses concern that entry of default or default judgment against Stallworth at this time could result in inconsistent decisions, given the pendency of Sutter's claims against Stallworth's co-defendant, Eastern Metal. The Court appreciates plaintiff's hesitation about moving for default judgment given the possibility that the defaulting defendant and non-defaulting defendant are similarly situated or, potentially, jointly liable in this action. *See generally Frow v. De La Vega*, 82 U.S. 552, 21 L.Ed. 60, 15 Wall. 552 (1872) (characterizing as an "incongruity" that is "unseemly and absurd, as well as unauthorized

by law" a scenario in which district court entered decree against defaulting defendant for joint fraud, but entered separate decree against non-defaulting defendant declaring joint fraud claim to be entirely unfounded); *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits"); *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) ("where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants"); *Politano v. Ott*, 2008 WL 4104137, *1 (M.D. Fla. Aug. 6, 2008) ("in cases involving more than one defendant, a judgment of liability should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants"). Given the ongoing, disputed nature of plaintiff's claims against Eastern Metal, the Court agrees with Sutter that entry of default judgment against Stallworth at this time would be premature.

Notwithstanding the foregoing, to determine that it is premature to enter default judgment against Stallworth is not to say that it is premature to enter a default against him. To the contrary, it is manifestly appropriate to enter a default against Stallworth at this time. By virtue of his failure to appear and defend himself within the time frame established by the Federal Rules of Civil Procedure and his disregard of cautionary notices from this Court, Stallworth has "lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing." *Frow*, 82 U.S. at 554 (observing that where a complaint makes a joint charge against several defendants, and one defendant fails to appear, the proper course "is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants"). Simply stated, whether or not Eastern Metal ultimately prevails in its defense and whether or not Stallworth is entitled to benefit from same as a similarly situated or joint defendant, Stallworth has forfeited the right to be heard with respect to liability or damages issues. In recognition of this fact, plaintiff's Motion for Default (doc. 24) is **granted**. Default is hereby **entered** against defendant Mark Stallworth pursuant to Rule 55(a), Fed.R.Civ.P., based on his failure to plead or otherwise defend. Upon the conclusion of the litigation between Sutter

and Eastern Metal, the Court will take up the propriety of entry of default judgment against Stallworth upon proper application by plaintiff.

The Clerk of Court is **directed** to mail a copy of this Order to defendant Mark Stallworth via U.S. Mail at his service address, to-wit: 9105 Fairway Drive, Foley, AL 36535.  In the wake of this Order, Stallworth will henceforth not be entitled to notice of any filings or rulings in these proceedings, pursuant to Rules 5(a)(2) and 55 of the Federal Rules of Civil Procedure.

DONE and ORDERED this 1st day of December, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE