IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUTHER SUTTER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 08-0363-WS-B |
| ) | |
| EASTERN METAL SUPPLY, INC., *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**ORDER**

This matter comes before the Court on the Notice of Filing (doc. 39) filed by plaintiff, Luther Sutter, in response to Orders (docs. 36, 38) entered by the undersigned on February 17 and 19, 2009, respectively.

Sutter, an Arkansas-based attorney who is proceeding *pro se* herein, initiated this action by filing a Complaint (doc. 1) against two defendants, Eastern Metal Supply, Inc. and Mark Stallworth. The Complaint alleged various state-law causes of action relating to the corrosion of aluminum hand rails installed at plaintiff's property in Gulf Shores, Alabama. Defendant Eastern Metal Supply was alleged to have manufactured the rails, and defendant Stallworth was alleged to have installed them. According to Sutter, defendants misrepresented the quality of the product, warranted that it would not corrode, and refused to cure when Sutter's hand rails corroded within two years after installation.

Despite being served with process, defendant Stallworth never appeared or defended against Sutter's claims. As a result, on December 1, 2008, the Court entered a default against Stallworth pursuant to Rule 55(a), Fed.R.Civ.P., based on his failure to plead or otherwise defend. (Doc. 27.) The December 1 Order provided that, "[u]pon the conclusion of the litigation between Sutter and Eastern Metal, the Court will take up the propriety of entry of default judgment against Stallworth upon proper application by plaintiff." (*Id.* at 2-3.) On February 18, 2009, Sutter and Eastern Metal Supply filed a Joint Stipulation of Dismissal (doc. 37) of Sutter's claims against that defendant, pursuant to a compromise and settlement of those claims. Upon inquiry by the Court, Sutter professed his desire to pursue a default judgment against Stallworth,

notwithstanding the Eastern Metal Supply settlement.  (Doc. 35.)

In recognition of Sutter's intentions in this regard, the Court issued detailed and unambiguous directives concerning the showing that plaintiff must make in support of his damages claims against Stallworth, to-wit:

> "The effect of the Stallworth default is that he has admitted all well-pleaded facts in the Complaint; however, the Complaint's allegations relating to the amount of damages are not automatically deemed admitted.  As a result, this Court must determine both the amount and character of damages.  In making such a determination, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by affidavits and other documentation. ... The monetary damages that Sutter seeks from Stallworth for 'cost of installation' appear readily susceptible to proof via objective documentation in the form of detailed affidavits and/or exhibits, thereby obviating the need for a formal hearing.  Accordingly, Sutter is **ordered** ... to file an evidentiary submission consisting of such detailed affidavits and exhibits that he deems necessary to support his claim for monetary damages against Stallworth.  That evidence must include an adequate showing that Sutter is not seeking a double-recovery (*i.e.*, that the Eastern Metal Supply settlement has not compensated him for those elements of damage he seeks from Stallworth)."

(February 17, 2009 Order (doc. 36), at 2 (footnote omitted).)

In response to the February 17 Order, Sutter filed nothing more than an unsworn representation in a Notice of Filing, unaccompanied by exhibits or any of the requisites of 28 U.S.C. § 1746, that "Plaintiff estimates that the cost of replacement of the affected product at issue would be $4,500.00."  (Doc. 39, at 1.)  Such a showing is grossly inadequate.

Irrespective of Stallworth's default, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007) ("While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.").  Indeed, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default.  *Anheuser Busch*, 317 F.3d at 1266.  Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the

amount of damages.  *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).  That said, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages."  *Id.* at 1232 n.13; *see also Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show ... damages, no evidentiary hearing is required."); *Natures Way Marine, LLC v. North American Materials, Inc.*, 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation.").

Sutter does not seek a sum certain or liquidated amount of damages from Stallworth. Instead, plaintiff apparently is requesting damages equaling the anticipated replacement costs for the subject hand rails.  At this point, there is no evidence of any kind (including affidavits, photographs, written estimates from contractors, pricing data, etc.) in the record as to what those replacement costs will be; rather, plaintiff has offered merely his own bare say-so that he "estimates" the cost will be $4,500.00, without providing any factual predicate for that figure. This Court believes that it would be reversible error simply to take plaintiff's word for it that the replacement costs total the requested amount, with no record evidence of any kind to support the claimed damages.  Nor does Sutter make any attempt to establish that the $4,500 damages award he seeks from defendant Stallworth is not duplicative or redundant of the settlement he reached with defendant Eastern Metal Supply.[1]  Simply put, Sutter's meager showing is inadequate to

---

[1] *See, e.g., E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 297, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002) (noting that "it goes without saying that the courts can and should preclude double recovery by an individual") (citations and internal quotation marks omitted); *Ex parte Barnett*, 978 So.2d 729, 732 (Ala. 2007) ("Alabama law generally bars double recoveries, and, although a party is entitled to full compensation for his injuries, ... he can gain but one satisfaction.") (citations and internal quotation marks omitted); *Ex parte Goldsen*, 783 So.2d 53, 56 (Ala. 2000) ("It is a universal rule that a plaintiff, although entitled to full compensation for an injury, is entitled to only one recovery for a single injury caused by two or more tortfeasors.") (citation omitted).

comport with the authorities and legal principles outlined herein or with the very specific requirements set forth in the February 17 Order.

To the extent that Sutter is unable to marshal detailed written materials supporting his requested damages award against Stallworth, an evidentiary hearing may be needed to fix those damages. However, in the interests of efficiency and judicial economy, the Court will afford Sutter one more opportunity to comply with the February 17 Order and the authorities cited herein, to prove up his claimed damages against Stallworth in writing, and to obviate the need for a full-blown damages hearing. To that end, plaintiff is **ordered**, on or before **April 20, 2009**, to file written materials that comport with the requirements set forth herein or to file written notice explaining why he requires an evidentiary hearing in order to establish his damages against Stallworth. Sutter is further **ordered** to serve a copy of his response to Stallworth at the latter's service address, to-wit: 9105 Fairway Drive, Foley, Alabama 36535.

DONE and ORDERED this 31st day of March, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE