IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUTHER SUTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 08-0363-WS-B |
| ) | |
| EASTERN METAL SUPPLY, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on plaintiff Luther Sutter's Response to Order dated March 31, 2009 (doc. 43).

At the risk of redundancy, the Court begins by summarizing the procedural history of this action. On June 23, 2008, plaintiff Luther Sutter (an attorney based in Arkansas who is proceeding *pro se*) filed the Complaint (doc. 1) against defendants Eastern Metal Supply, Incorporated and Mark Stallworth, for certain damages arising from the corrosion of aluminum hand rails at Sutter's property located at 1328 West Lagoon, Gulf Shores, Alabama. In particular, Sutter sued Eastern Metal Supply (the manufacturer) and Stallworth (the installer) on similar, overlapping theories of breach of contract, breach of warranty and fraud, for a single harm (namely, the failure of the hand rails). On December 1, 2008, the Court entered an Order (doc. 27) declaring Stallworth to be in default pursuant to Rule 55(a), Fed.R.Civ.P., based on his failure to plead or otherwise to defend against plaintiff's claims within the timeframe prescribed by the Federal Rules of Civil Procedure. Sutter's claims against Eastern Metal Supply proceeded forward, on the understanding that entry of a default judgment against Stallworth would necessarily await the conclusion of the ongoing litigation between Sutter and Eastern Metal Supply.

In late January 2009, Sutter and Eastern Metal Supply apprised the Court that they had reached a settlement of all claims between them. (*See* doc. 33.) That settlement culminated in a Joint Stipulation of Dismissal (doc. 37) filed by Sutter and Eastern Metal Supply on February 18,

2009, reflecting their agreement that all claims by and between them should be dismissed with prejudice. All of those claims were dismissed forthwith, and Eastern Metal Supply is no longer a party to this action.

Notwithstanding his settlement with Eastern Metal Supply, Sutter notified the Court that he intended "to take a default judgment against Stallworth for the cost of installation." (Doc. 35, at 1.) On that basis, the undersigned entered an Order (doc. 36) on February 17, 2009, pointing out that while Stallworth's default meant that he had admitted all well-pleaded facts in the Complaint, allegations relating to damages were not automatically deemed admitted, such that this Court must make specific findings as to both the amount and character of damages before any default judgment could be entered. To that end, the February 17 Order instructed Sutter "to file an evidentiary submission consisting of such detailed affidavits and exhibits that he deems necessary to support his claims for monetary damages against Stallworth. That evidence must include an adequate showing that Sutter is not seeking a double-recovery (*i.e.*, that the Eastern Metal Supply settlement has not compensated him for those elements of damage he seeks from Stallworth)." (Doc. 36, at 2.)

On March 11, 2009, Sutter filed a Notice of Filing (doc. 39) consisting of a cursory three-sentence response to the February 17 Order. In that document, Sutter made unsworn, unverified representations that "the entire product did not have to be replaced" and that "Plaintiff estimates that the cost of replacement of the affected product at issue would be $4,500.00." (Doc. 39, at 1.) This evidentiary showing was wholly inadequate to comport with the requirements of the February 17 Order or the authorities cited therein. On that basis, the Court entered another Order (doc. 40) on March 31, 2009, reiterating in large part the proof requirements outlined in the February 17 Order and explaining why Sutter's March 11 filing was insufficient to meet his burden of proving damages. For example, the March 31 Order indicated that it would be improper "simply to take plaintiff's word for it that the replacement costs total the requested amount, with no record evidence of any kind to support the claimed damages" and that Sutter had failed "to establish that the $4,500 damages award he seeks from defendant Stallworth is not duplicative or redundant of the settlement he reached with defendant Eastern Metal Supply." (Doc. 40, at 3.) The upshot of the March 31 Order was that Sutter was granted a second opportunity to prove up his damages against Stallworth with a detailed written submission, and

thereby to obviate the need for a damages hearing.

  Four weeks later, Sutter submitted a filing styled Response to Order Dated March 31, 2009 (doc. 43).  The Response consisted solely of a reference to a one-page exhibit styled "Estimate" and apparently issued by a company called "Cornerstone Construction" on April 24, 2009.  The proof problems with this estimate are legion.  First, it is not at all clear that the estimate applies to the same property at issue herein.  The Complaint reflects that Sutter's claims arise from the installation of aluminum hand rails "at Plaintiff's property located at 1328 West Lagoon, Gulf Shores, Alabama" (doc. 1, ¶ 2), but the estimate appears to be for "1334 W. Lagoon Av."  Plaintiff does not explain the discrepancy.  Second, Sutter represented to the Court on March 11 that he believed the cost of replacement would be $4,500, but the Cornerstone Construction estimate is for $13,505.  Plaintiff fails to identify which figure he seeks to recover from Stallworth, much less why one is three times larger than the other.  Third, Sutter also represented to the Court on March 11 that "the entire product did not have to be replaced," but it is impossible to tell from the estimate whether the contemplated job encompasses "the entire product" or just a portion of same, how the scope of that work was established, or how the rails Sutter intends to use to replace his old rails compare (in quality, type, price and the like) to their predecessors.  Fourth, Sutter indicated back in February that he intended to obtain a default judgment against Stallworth to cover "the cost of installation" (doc. 35, at 1), but this estimate appears to include both labor and materials, not merely installation costs.  Again, plaintiff makes no attempt to reconcile these conflicting submissions.  Fifth, Sutter has submitted no evidence tying the Cornerstone Construction estimate to the particular wrongs identified in the Complaint to which Stallworth admitted by virtue of his default.  Plaintiff's omissions in this regard leave the Court to speculate as to whether the aluminum hand rails identified in the estimate are the same ones described in the Complaint, whether all the hand rails being replaced are corroded, whether they had all been installed by Stallworth within two years prior to the filing of the Complaint, and the like.  Sixth, and perhaps most importantly, Sutter has once again brushed aside this Court's repeatedly expressed concerns about double recoveries.  He has failed to provide any evidence whatsoever from which it could be determined that the default judgment he seeks from Stallworth is not duplicative of amounts he has already recovered in his settlement with Eastern Metal Supply.  Such inattentiveness by a litigant and practicing attorney is

disappointing.

In short, plaintiff's latest damages submission raises more questions than it answers, and falls well short of the specific requirements delineated by this Court in the February 17 and March 31 Orders. Because plaintiff has failed, despite multiple opportunities, to comply with the Court's directives and to submit sufficient written evidentiary materials to enable the Court to fix the appropriate amount of damages against Stallworth, a hearing is required by Rule 55(b)(2), Fed.R.Civ.P., antecedent to entry of a default judgment.[1]

For all of the foregoing reasons, this action is hereby **set** for a Rule 55(b) evidentiary hearing on damages before the undersigned on **May 27, 2009,** at **2:00 p.m.** in **Courtroom 2A** in the United States Courthouse in Mobile, Alabama. Plaintiff is **ordered** to attend this hearing, at which time he will be expected to present such evidence (via live witnesses, exhibits and other evidence in a form admissible under the Federal Rules of Evidence) as is necessary to prove his damages as to defendant Stallworth by a preponderance of the evidence. Plaintiff's evidentiary showing must include, at a minimum, the following items: (a) clarification as to the amount of damages sought, the location where the repairs are to be performed, and whether the damages are for installation costs, replacement materials costs, or both; (b) evidence concerning the scope of work, how that scope of work was determined, the type of hand rails to be installed, and the like; (c) evidence connecting the contemplated replacement / installation of hand rails to the wrongful conduct admitted by Stallworth by virtue of his default; and (d) evidence sufficient to establish that Sutter is not seeking a double recovery from Stallworth for damages he has already recovered from Eastern Metal Supply in the February 2009 settlement. Plaintiff is reminded that it is his sole responsibility to prove damages by a preponderance of the evidence, notwithstanding Stallworth's default. If he fails to do so at this evidentiary hearing, then his claims against Stallworth are subject to dismissal for failure to comply with the orders of this

---

[1] *See, e.g., S.E.C. v. Smyth*, 420 F.3d 1225, 1231 &1232 n.13 (11th Cir. 2005) (where damages are not a sum certain, Federal Rules of Civil Procedure "require[] the district court to hold an evidentiary hearing" except "where all of the essential evidence is already of record"); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d F.3d 1264, 1266 (11th Cir. 2003) (noting that "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters" and that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record").

Court, and for lack of proof of damages, an essential element of plaintiff's claims.

Although it appears from plaintiff's filings of March 11 and April 27 that he is unable or unwilling to prove his damages by detailed written evidentiary submissions, he may avoid appearing for the scheduled evidentiary hearing by filing, **not later than May 20, 2009**, detailed written materials (*i.e.*, affidavits, declarations, and exhibits to same) that comply in all material respects with the items set forth in the foregoing paragraph. Should Sutter avail himself of this opportunity, the Court will review his submission promptly upon receipt to assess its sufficiency to avoid the need for an evidentiary hearing. Unless and until Sutter receives a written order confirming that his supplemental submission is sufficient to avert the hearing, he should operate under the assumption that the hearing will proceed as scheduled, notwithstanding any advance filing of written materials he may make.

The Clerk's Office is **directed** to mail a copy of this Order to Stallworth at the latter's service address, to-wit: 9105 Fairway Drive, Foley, Alabama 36535. Given his default status, **Stallworth is cautioned that he is not entitled to receive, and will not be afforded, any further notice concerning the contemplated hearing on damages or plaintiff's ongoing attempts to secure a default judgment against him**.

DONE and ORDERED this 28th day of April, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE